No. 16,891.

PEOPLE EX REL. BAR ASSOCIATION *v*. MARSHALL.

(261 P. [2d] 719)

Decided September 21, 1953.

Mr. DUKE W. DUNBAR, Attorney General, Mr. H. LAW-RENCE HINKLEY, Deputy, Mr. FRANK A. WACHOB, Assistant, for relator.

Mr. MERLE M. MARSHALL, pro se.

*En Banc.*

MR. JUSTICE ALTER delivered the opinion of the court.

THE People of the State of Colorado upon the relation of the Colorado Bar Association, and with permission of our court, instituted disbarment proceedings against Merle M. Marshall, an attorney and counselor at law residing and practicing his profession in Alamosa, Colorado.

The original and supplemental complaints contained three charges, in the first of which it is alleged that respondent received for collection checks and notes aggregating several thousand dollars, together with a check for the payment of court costs, and neglected to give these matters his professional attention and refused, upon repeated demands, to make any report to the owner thereof concerning progress being made in the cause, and finally refused to return the checks and notes upon the owner's demand. No lawsuit was ever filed on any of these items.

In the second charge it is alleged that respondent was retained by one Joe Bain to represent him in a criminal proceeding in the Supreme Court and received $290.00 in connection with the preparation of the record and as attorney fees. He represented to Bain that the case had been docketed in the Supreme Court and that it had been orally argued by him; whereas in truth and in fact the case never was docketed in the Supreme Court, and, consequently, no oral argument could have been made therein. Bain's conviction occurred in 1948, and when he learned of respondent's failure to discharge his professional duty in respect to the writ of error, he allegedly committed suicide.

In the third charge it is alleged that Marshall as attorney in a certain probate matter received in connection with the sale of real estate belonging to the estate the sum of $1,000.00 which he converted to his own use and failed and refused to deliver to the representative of the estate although often requested so to do.

It is disclosed by the record that respondent has heretofore been reprimanded by this court for unprofessional conduct; that since said reprimand in 1940 his professional misconduct has been continuous, and, although charges thereof have been repeatedly filed and considered by the proper committee of the Colorado Bar Association, no charges based thereon were ever brought to the attention of our court.

The complaint in this proceeding was filed in our court on June 11, 1952, and the delay in disposing of it is not due to inaction on the part of the referee to whom we promptly referred the case. The referee acted promptly in the matter, and his report was filed in our Clerk's office on September 8, 1953.

Hon. Robert W. Steele, Judge of the District Court, was appointed referee, and, after hearing and considering all of the evidence, he made the following finding:

"It is the finding of the Referee that Respondent received the sum of $1,000.00 in cash as a partial payment for the sale of real estate belonging to the estate of Ulysses E. Irvin, deceased; that he has converted said sum of money to his own use, has failed to account to the probate court or other persons entitled to full information concerning the money; has failed and refused and still refuses to deliver the said $1,000.00 to those persons entitled to receive it. The Referee further finds that Respondent was generally careless and negligent in the manner in which he acted as an attorney for the estate of Ulysses E. Irvin, deceased.

"In the Bain case, the Referee finds that Respondent received a fee for perfecting an appeal to the Supreme Court of Colorado from the judgment of conviction in a criminal case in a lower court, and failed and neglected to protect the rights of his client to an appeal by allowing the time to go by without filing the case in the appellate court. The Referee further finds in this regard that Respondent misinformed his client with reference to the status of the case, by advising the client that the case had been actually docketed in the Supreme Court when in truth and in fact it had not.

"In the Deloney case, Respondent failed to institute suit as he was employed to do, and failed to return papers and documents to his client when requested.

"Respondent presented no real defense to any of the charges made against him. His statements to the Referee were vague, evasive, and beside the point. He is a master

of tergiversation. As stated, supra, he is in default concerning the charges relating to the Irvin estate, but was treated by the Referee as though he had filed a formal denial.

\* \* \* \*

"As to all three of these matters the Referee finds from the evidence that the allegations of the complaint and the supplementary complaint are true in all respects and have been established beyond any doubt.

\* \* \* \*

"It is the recommendation of the Referee that Respondent be forthwith prohibited from the further practice of law, that his license be revoked and his name be stricken from the rolls."

We have read and carefully considered the record herein; we approve the findings of the referee in all respects and concur in his recommendation as to the judgment to be entered. It is conclusively established by the evidence that respondent is guilty of conduct highly reprehensible and grossly unprofessional, and which has brought reproach upon the honored legal profession to which he belongs.

Accordingly, it is the judgment of this court that the respondent be prohibited from the further practice of law in the State of Colorado; that his license as an attorney and counselor at law be revoked, and his name stricken from the roll of attorneys.